EDWARD J. SEGUNA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Seguna v. Commissioner
Docket No. 33915-87
United States Tax Court
T.C. Memo 1990-29; 1990 Tax Ct. Memo LEXIS 29; 58 T.C.M. (CCH) 1233; T.C.M. (RIA) 90029; January 17, 1990
*29 Edward J. Seguna, pro se. Howard P. Levine and Randall B. Pooler, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income tax for 1983 as follows: Additions to Tax
Deficiency
Sec. 6653(a)(1) [1]
Sec. 6653(a)(2)
Sec. 6661
$ 9,074.91
$ 453.75
*
$ 2,268.72
The parties have stipulated that the amount of the deficiency, exclusive of additions to tax, is $ 6,621. They have further stipulated that, if we find that petitioner is liable for the additions to tax under sections 6653(a)(1) and 6653(a)(2) for negligence, the respective amounts of the additions are $ 331.05 and 50 percent of the interest due on $ 6,621. They have also agreed that, if we find that petitioner is liable for the addition to tax under section 6661(a), the correct amount of such addition is $ 1,655.25. The only issues are whether petitioner is liable for additions *30 to tax under sections 6653(a)(1) 6653(a)(2), and 6661(a). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner resided in Palm Bay, Florida, when he filed his petition in this case. In 1983 he was the president and sole stockholder of Sir Edward, Ltd., a Michigan corporation which operated a hair styling business. At one time the corporation owned and operated at least six styling salons and had an annual gross income of about $ 1,000,000. Petitioner sold the corporation on November 14, 1983. On or about December 7, 1983, petitioner sold certain rental property to George Fahmie & Company and from the sale realized a long-term capital gain of $ 38,586. During 1983 he received sick pay in the amount of $ 4,550. Petitioner's income tax return for 1983, which reflected no taxable income and therefore no income tax due, was prepared by Thomas J. Reilly, a retired former employee of the Internal Revenue Service. For use in the preparation of the return petitioner provided Mr. Reilly with a worksheet which purportedly contained his income, deductible *31 expenses, and other pertinent return information. Petitioner failed to disclose on the worksheet the long-term capital gain from the sale of the rental property and the sick pay he had received in 1983. He also failed to disclose the correct amount of certain deductible business expenses he had incurred in 1983. Although by the date of the trial petitioner had lost certain documents which he had acquired with respect to his claimed business deductions, he admitted that he had maintained only a partial log on some of the business expenses for which deductions were claimed. He also admitted that some of the claimed expenses were estimates. In some minor respects the information contained in the worksheet that petitioner provided to his tax return preparer does not agree with the items reported on the return. From the record as a whole it is apparent that petitioner failed to maintain or produce adequate records to substantiate the deductions claimed on his 1983 income tax return. OPINION
Additions to Tax Under Sections 6653(a)(1) and 6653(a)(2). If any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations, there shall *32 be added to the tax an amount equal to 5 percent of the underpayment and an amount equal to 50 percent of the interest payable on that portion of the underpayment which is attributable to negligence. Sec. 6653(a)(1) and (2). Petitioner has the burden of proof on this issue and he has failed to carry it because the record before us clearly supports a finding that petitioner was negligent. First, he admits that the entire agreed deficiency stems from the fact that the sick pay and the capital gain were omitted from his 1983 return and from his inability to produce at trial records to substantiate certain deductions claimed on the return. Secondly, petitioner acknowledges receiving the sick pay and the capital gain in 1983. Thirdly, even though he claimed that part of his records had been lost before the trial, he admitted that they were incomplete because pertinent data had not been consistently entered therein and, in fact, only a "partial" record of "some" of the expenses was maintained. Finally, the inadequacy of petitioner's recordkeeping is indicated by his concession that the deductions taken on his 1983 return were based on a "guesstimation" of expenses incurred. His failure *33 to maintain adequate records is sufficient to warrant respondent's imposition of the additions to tax for negligence under sections 6653(a)(1) and 6353(a)(2) especially in view of petitioner's previous history as a successful businessman. Petitioner's contention that with respect to the omission of the capital gain he relied on the advice of his tax return preparer that the gain could be reported, apparently in subsequent years, on the installment method is not supported by the record. First, the worksheet he prepared and gave to Mr. Reilly did not contain any information with respect to the sale of such property. Secondly, his contention is undermined by the fact that in subsequent years he did not report any income from the sale. From the evidence before us, the omission of the capital gain as well as the sick pay appears to have been due to petitioner's failure to furnish his tax return preparer with all pertinent data rather than a good faith reliance by petitioner on the preparer's advice. Under such circumstances a taxpayer cannot shift the responsibility for filing an accurate return to his agent. , affd. *34 . Furthermore, petitioner's failure to call or explain the absence of Mr. Reilly as a witness gives rise to a presumption that his testimony would have been unfavorable to petitioner. , affd. . Accordingly, we conclude that petitioner was negligent and, therefore, is liable for the additions to tax under section 6653(a)(1) and (2). Addition to Tax Under Section 6661(a). Section 6661(a) provides for an addition to tax for a substantial understatement of income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6661(b)(1)(A). Petitioner reported no tax on his 1983 income tax return. He now admits that the deficiency for 1983, exclusive of additions to tax, is $ 6,621. Since the amount of the deficiency or understatement of tax exceeds the limitations set forth in section 6661(b)(1)(A), petitioner's understatement of tax is substantial and the addition to tax as determined by respondent under section 6661(a) *35 is applicable unless petitioner qualifies for a reduction of the understatement under section 6661(b)(2)(B). In a case such as this, which does not involve a tax shelter, a substantial understatement may be reduced by amounts attributable to issues for which there was substantial authority or with respect to which an adequate disclosure was made on or with the return. Sec. 6661(b)(2)(B)(i) and (ii). The record here contains no evidence in support of such a reduction. Accordingly, we conclude that petitioner is liable for the addition to tax under section 6661(a) as determined by respondent. Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1983, unless otherwise indicated.↩
*. 50% of the interest due on $ 9,074.91 ↩